# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA**

v.                         **CRIMINAL ACTION NO. 2:15-cr-4**

**JOHNNY LEE GREEN, JR.,**
        **Defendant.**

## ORDER/OPINION GRANTING GOVERNMENT'S MOTION TO DETAIN

On March 6, 2015, came the United States by Sarah Montoro, its Assistant United States Attorney, and also came the defendant, Johnny Lee Green, Jr., in person and by his counsel, Nicholas J. Compton, appearing for Brian Kornbrath, Federal Public Defender, for hearing on the motion of the United States to detain Defendant pending trial. Thereupon, the matter came on to be heard upon the Government's motion to detain; upon the pretrial services report prepared and submitted to counsel and to the Court by Adult Pretrial Services; upon the testimony of ATF Special Agent Kenneth Peck; and upon the argument of counsel for Defendant and the Assistant United States Attorney.

### A. Contentions of the Parties

The Government contends this case is eligible for detention because it involves a felony that is not otherwise a crime of violence that involves the possession or use of a firearm, a serious risk that Defendant will flee, and a serious risk of obstruction of justice. The Government also contends the Court should detain Defendant because there are no conditions of release which will reasonably assure his appearance as required and the safety of any other person and the community.

Defendant contends that he is not a flight risk or a danger to the community, and also contends there are conditions of release which could reasonably assure his appearance as required and the safety of any other person and the community.

## B. The Standards

18 U.S.C. § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and circumstances of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

## C. Discussion

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds that:

1) The rebuttable presumption under 18 U.S.C. § 3142(e) does not apply.

2) Defendant was born in Norfolk, Virginia but has lived with his girlfreind in Elkins, West Virginia for the past five years.

3) Defendant does not have regular employment.

4) Despite Defendant's lack of ties to the community and his unemployment status, Defendant is not a flight risk by a preponderance of the evidence.

5) Defendant's was convicted in 1978 of murder and spent twenty years in prison. His parole was discharged in 2000. Thereafter, Defendant's criminal record reveals that he was guilty of eight separate charges from 2001 to 2005. Those charges include

guilty charges for assault and battery on a family member, larceny, obstruction of justice and identity fraud.

6) While there has been no recent criminal charges until now, the current charges arose from a domestic dispute at his place of residence, a residence in which he seeks to return if placed on bond.

7) Defendant's past criminal history and current actions show that he would be a danger to this community by clear and convincing evidence.

8) As such, no bond conditions could be set to reasonably ensure the safety of the community.

### D. Conclusion

The Court concludes the defendant does not present a serious flight risk but he does pose a danger to the community if released. Accordingly, the Court concludes that there is no condition or set of conditions which the Court could impose which would reasonably assure the appearance of Defendant or the safety of the community if Defendant is released on bond.

Accordingly, the Government's motions to detain [17] and [3] are **GRANTED**, and it is **ORDERED THAT**:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this day of March 6, 2015.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE